UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
JUDGE

## LETTER OPINION

May 3, 2004

**VIA REGULAR MAIL**

Jacqueline Bittner, Esq.
40 Fayette St., No. 63
Perth Amboy, New Jersey 08861

    *(Attorney for Plaintiff)*

Michael T. Bissinger, Esq.
Pitney Hardin LLP
P.O. Box 1945
Morristown, N.J. 07962

    *(Attorney for Defendant)*

    Re:    **Hutchins v. United Parcel Service, Inc.
             Civil Action No. 01-1462 (WJM)**

Dear Counsel:

    This matter comes before the Court on plaintiff's appeal from Magistrate Judge Hedges' March 23, 2005 Order denying plaintiff's request to modify the February 23, 2003 Protective Order. Plaintiff allegedly sought to modify the Protective Order in three ways: (1) to allow plaintiff to use the confidential documents filed under seal in *Hutchins v. UPS*, No. 01-CV-1462 (Martini) ("*Hutchins I*") in this case, *Hutchins v. UPS*, No. 02-CV-4274 (Martini) ("*Hutchins II*");[1] (2) to grant plaintiff himself access to documents produced under an "attorney's eyes only" level of confidentiality; and (3) to unseal all sealed documents filed in conjunction with non-discovery pretrial motions in *Hutchins I*. Plaintiff's requests were allegedly denied. For the following reasons, plaintiff's appeal is **DENIED**, and the March 23, 2005 Order is **AFFIRMED AS MODIFIED**.

---

    [1]On April 7, 2004, by order of this Court, the two cases were consolidated under the docket number 01-CV-1462.

A district court may reverse a magistrate judge's order if it finds the ruling clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). When reviewing discovery disputes, district courts in this district employ a more deferential standard – abuse of discretion – because they fall within the unique purview of a magistrate judge. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 387 (D.N.J. 1990). The grant or modification of a protective order is reviewed for an abuse of discretion; and the magistrate judge's interpretation and application of the legal standard for granting or modifying the protective order is reviewed *de novo*. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783-84 (3d Cir. 1994).

As for plaintiff's request to modify the February 23, 2003 Protective Order so that he can use documents filed under seal in *Hutchins I* in this case, the Court concludes, as Magistrate Judge Hedges found, that modifying the Protective Order is unnecessary. A plain reading of the Protective Order permits plaintiff's counsel to use confidential documents produced in *Hutchins I* in this case. It states in pertinent part that information produced pursuant to the Protective Order "shall only be disclosed to plaintiff's attorneys . . . and it shall not be disclosed to plaintiff or any other person without good cause shown . . . ." (2/23/03 Protective Order). Thus, as worded, it does not preclude plaintiff's attorney from using confidential documents produced in *Hutchins I* to support its opposition brief in *Hutchins II*. Indeed, Magistrate Judge Hedges said as much during the February 24, 2005 hearing: "I have never heard of an argument that a protective order somehow bars a party from trying to admit it into evidence or send it into a court . . . ." (2/24/05 Hearing Tr. at 12:13-15). In other words, he agreed with counsel that she could use confidential salary information in *Hutchins II* under the February 23, 2003 Protective Order. There being no reason to modify the Protective Order, he correctly denied her request.

And yet, despite this clear record, it would appear the wording of the March 23, 2005 Order precludes the use of *Hutchins I* confidential documents from being used in this case. It states in relevant part: "ORDERED that plaintiff's request to modify the protective order dated February 23, 2003 entered in [*Hutchins I*] for use of the records in [*Hutchins II*] . . . is hereby . . . (denied)". (3/23/05 Order). However, as stated above, this restriction was never intended to be imposed.[2] Its inclusion can be attributed to plaintiff's proposed order, which became the March 23, 2005 Order, because it included the language now in dispute. Consequently, for the sake of clarity, the Court will modify the Order so that it more accurately states what relief was denied plaintiff by striking the phrase "for use of the records in <u>Hutchins v. UPS</u>, Docket No. 02-4274 and".

As for plaintiff's request to modify the Protective Order so that he may see the *Hutchins I* confidential documents to prepare for trial, the Court finds no error in Magistrate Judge Hedges' determination that this request is premature. Currently, defendant's motion for summary

---

[2]Indeed, in stark contrast to his position on appeal, plaintiff appears to rely on *Hutchins I* documents in this case. (*See* 4/21/05 Bittner Decl. at ¶ 5, relying on the February 23, 2003 Protective Order as a basis for filing documents under seal).

2

judgment to dismiss plaintiff's complaint is pending. If that motion is granted, plaintiff's case will be dismissed and no trial will occur. Given the possibility that this case may not go to trial, the Court sees no good reason, and plaintiff provides absolutely none, why the Court should modify the Protective Order at this time. Therefore, plaintiff's appeal on this issue is denied.[3]

As for plaintiff's request to unseal all documents submitted in conjunction with non-discovery motions filed in *Hutchins I*, the Court finds that plaintiff inappropriately raises this issue for the first time on appeal. On the record before the Court, there is no evidence this issue was ever raised before Magistrate Judge Hedges. In fact, the March 23, 2005 Order includes no reference whatsoever to unsealing all such documents in *Hutchins I*. Further, as defendant correctly notes, any appeal on this issue by plaintiff is untimely. The Protective Order was entered on February 23, 2003. If plaintiff wanted to appeal that order, he was required to file his appeal over two years ago. Therefore, plaintiff's appeal on this issue is denied.

In sum, the March 23, 2005 Order is affirmed as modified above.

An appropriate Order accompanies this Letter Opinion.

William J. Martini, U.S.D.J.

---

[3] If defendant's motion for summary judgment is denied, plaintiff may at that time move to modify the Protective Order. However, plaintiff should be prepared to provide good reason why plaintiff, a fact witness who has never seen those documents, should be permitted access to those documents in order to prepare for testifying at trial.

3