<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATHANIEL HUTCHINS,**  Plaintiff,  v.  **UNITED PARCEL SERVICE, INC.,**  Defendant. | 01-CV-1462 (WJM)  **OPINION** |

Jacqueline Bittner
40 Fayette Street, No. 63
Perth Amboy, NJ 08861

*Attorney for Plaintiff*

Michael T. Bissinger
Pitney, Hardin, Kipp & Szuch LLP
P.O. Box 1945
Morristown, NJ 07962

*Attorney for Defendant*

**MARTINI, U.S.D.J.:**

      Plaintiff appeals Magistrate Judge Ronald J. Hedges' Order denying him leave to amend his Complaint. Defendant opposes. Because Judge Hedges did not err in denying plaintiff's motion for leave to amend, the Order below is affirmed.

**BACKGROUND**

On February 24, 2005, at a status conference held before Judge Hedges, counsel for plaintiff represented that one claim – a wage discrimination claim for 2002 – remained in this case. Counsel also sought permission to amend the Complaint to add wage discrimination claims for 2003 and 2004. Believing that to be the only amendment plaintiff sought, Judge Hedges granted plaintiff leave to "file a motion seeking leave to amend his Complaint to add claims for alleged racially discriminatory salary increases in calendar years 2003 and 2004." (3/15/05 Order).

Plaintiff did not object to the scope of that order. Rather, ignoring its specific language, plaintiff sought leave to amend his Complaint to add age discrimination claims, disparate impact claims, retaliation claims, and Tom Valley as a party defendant, as well as the wage discrimination claims. On April 25, 2005, Judge Hedges held oral argument on the motion to amend. Plaintiff's counsel, however, did not appear. From the bench, Judge Hedges denied plaintiff's motion. On the record, he stated that the "good cause" standard of Rule 16(b) applied to this case because the deadline for amendment had passed years ago. He further found that: the case was four years old; plaintiff sought to add new causes of action that he could have brought years ago; and plaintiff sought to add Tom Valley as a party defendant, which would prejudice both defendant United Parcel Service, Inc. ("UPS") and Tom Valley because it would require that discovery be reopened and trial be postponed. In light of these findings, Judge Hedges concluded that plaintiff lacked good cause and denied plaintiff's motion to amend.

Plaintiff argues on appeal that Judge Hedges' decision is erroneous. First, plaintiff argues that Judge Hedges wrongly applied Rule 16's "good cause" standard because no scheduling order

has issued in this case. Second, because a scheduling order has not issued, plaintiff contends that Rule 15(d) and its more permissive standard should apply to this case. Plaintiff argues that if correctly applied, he should be entitled to "supplement" his claims under Rule 15(d).

## DISCUSSION

**I.       Standard of Review**

A district court may reverse a Magistrate Judge's order if it finds the ruling clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). According to the Supreme Court, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

**II.      Rule 16**

Plaintiff argues that Rule 16 has no bearing on this litigation because a scheduling order setting the deadline to amend the Complaint has not issued in this case. Plaintiff, however, is mistaken.

In order to understand why, the Court must delve into the procedural mire that this case has become. Plaintiff filed a first action against UPS on March 27, 2001, *Hutchins v. United Parcel Service, Inc.*, Civ. No. 01-1462 (hereinafter "*Hutchins I*"). Plaintiff's complaint asserted

3

retaliation claims arising from his employment with defendant. Plaintiff allegedly did not raise race discrimination claims because at that time he was a member of a class action lawsuit, *Morgan, et al. v. United Parcel Serv. of Am., Inc.*, Civ. No. 94-1184 ("*Morgan*"), in which race discrimination claims were already asserted against UPS. According to plaintiff, he could not opt out of the *Morgan* class and, therefore, could not assert those race discrimination claims against UPS while *Morgan* was pending.

On August 21, 2001, Magistrate Judge Madeline C. Arleo issued a scheduling order setting the deadline for amendment of pleadings as November 1, 2001. Plaintiff did not seek leave to file an amended complaint by the deadline. Nor did he seek to maintain his right to amend the Complaint to add race discrimination claims at issue in the *Morgan* case. Rather, he chose to wait until four months after the deadline, specifically March 2, 2002, to seek permission to amend his Complaint. Plaintiff sought to include a race discrimination claim for unequal pay and an additional retaliation claim for failure to promote.[1] Not surprisingly, Judge Arleo denied plaintiff's proposed amendment for any claims that arose prior to the November 1, 2001 amendment deadline. She did, however, grant plaintiff leave to file an amended complaint for claims that arose after the deadline.

Plaintiff did not amend his Complaint in *Hutchins I*. Nor did he appeal that decision. Instead, apparently not pleased by the scope of Judge Arleo's ruling, he filed a completely separate action, *Hutchins v. United Parcel Service, Inc.*, Civ. No. 02-4274 (hereinafter "*Hutchins*

---

[1] Plaintiff's argument that he could not have brought this discrimination claim any sooner because the *Morgan* "class action did not have an opt-out provision," (Pl.'s Br. at 1), is belied by the fact that plaintiff sought to amend his Complaint on March 2, 2002 – more than two months before the *Morgan* case was dismissed on May 10, 2002.

*II*"), and included in the Complaint various claims that Judge Arleo had previously ruled plaintiff could not bring in *Hutchins I* for failure to comply with the deadline to amend. Plaintiff subsequently amended his *Hutchins II* Complaint to add additional race discrimination claims. Those new claims were premised in large part upon allegations asserted in *Hutchins I*.

In response, defendants filed a motion to dismiss, arguing that claims asserted in *Hutchins II* were barred by Judge Arleo's order in *Hutchins I*. Judge William G. Bassler, whom the case was pending before at that time, agreed. Recognizing the procedural shell game for what it was, he dismissed all claims of race discrimination arising prior to the November 1, 2001 amendment deadline. Further, like Judge Arleo, he allowed plaintiff to raise claims that arose after the deadline. In his decision, Judge Bassler explained the basis for his ruling:

> Plaintiff had various options open to him to protect his right to bring his discrimination claims as part of the *Hutchins I* Complaint. In short, Plaintiff's filing of the discrimination claims in *Hutchins II* is too little, too late. This Court will not allow Plaintiff to disregard the deadlines set by the Magistrate Judge and use this action as an end-run around Judge Arleo's rulings.

(3/31/04 Bassler Op. at 20).

Taking this history into consideration, the Court does not believe that Judge Hedges erred by applying Rule 16 to plaintiff's motion to amend. Despite plaintiff's attempts to treat the two litigations as completely separate and distinct actions, they are not. The claims asserted in *Hutchins II* should have been brought in *Hutchins I*. Indeed, plaintiff tried to bring some of them in *Hutchins I*, but the Magistrate Judge limited the scope of his proposed amendment. In an attempt to evade Judge Arleo's rulings, he filed a new complaint. But as Judge Bassler concluded, plaintiff cannot make an end-run around Judge Arleo's deadlines and disregard her

5

rulings by simply filing a new complaint.  And, consequently, since March 31, 2004, it has been understood that Judge Arleo's scheduling order and rulings apply to this case.  Accordingly, Judge Hedges properly applied Rule 16 to this case.

Rule 16(b) of the Federal Rules of Civil Procedure governs amendment of pleadings once a scheduling order has been entered.  *See Eastern Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).  Rule 16 provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."  Fed. R. Civ. P. 16(b).  Good cause depends on the diligence of the moving party.  *Globespanvirata, Inc. v. Texas Instruments Inc.*, 2005 WL 1638136, *3 (D.N.J. Jul. 12, 2005).  The moving party must show that despite its diligence, it could not reasonably have met the scheduling order deadline.  *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).  Further, the absence of prejudice to the nonmovant is not a consideration under the good cause standard.  *Globespanvirata, Inc.*, 2005 WL 1638136 at *3.

On appeal, plaintiff does not dispute that he lacks good cause for bringing these claims at such a late date.  Indeed, he provides no explanation why he could not have brought a majority of these claims in 2002, when he first brought the *Hutchins II* action.  Absent good cause, there is no reason to modify the scheduling order.  Consequently, the decision below is affirmed.

**III.   Rule 15**

Moreover, contrary to plaintiff's argument that he would be entitled to amend his Complaint under the more lenient Rule 15 standard, this Court disagrees.  Although, as

determined above, Rule 16 governs this case, it is worthwhile to address plaintiff's Rule 15 argument.

Plaintiff asserts that he is entitled to supplement his Complaint under Rule 15(d). However, there is a substantial question whether plaintiff is actually attempting to supplement his Complaint under Rule 15(d), *i.e.*, adding claims that arose after the date of filing the Complaint, or attempting to amend his Complaint under Rule 15(a), *i.e.*, adding claims that predate the filing of the Complaint. *See Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 359-60 (D.N.J. 2000) (differentiating between Rules 15(a) and 15(d)). Fortunately, because of the similarities in the standards governing both Rules, it is unnecessary for the Court to discern which Rule applies to a particular cause of action. *Id.* at 360 ("Although Rule 15(d) does not include the same express mandate as Rule 15(a), courts construe it to require a similarly liberal approach.").

Under either Rule, the standard for leave to amend is lenient. Rule 15(d) states in pertinent part: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(a) states in pertinent part: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Under these permissive Rules, leave to file is to be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (articulating the Rule 15(a)

standard); *Hassoun*, 126 F. Supp. 2d. at 361 (citing *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)) (articulating the same standard for Rule 15(d)).

This Court finds that plaintiff's motion was brought after undue delay and would cause undue prejudice to defendant UPS and Tom Valley. This case, when considered properly with *Hutchins I*, is four years old. The amendment deadline of November 1, 2001 passed three and a half years ago. Plaintiff has neither shown nor argued that he could not bring these claims earlier, never mind after *Hutchins I* and *II* were consolidated for all purposes back on April 7, 2004.[2] Accordingly, plaintiff's actions exhibit undue delay.

Further, the Court finds that allowing the Complaint to be amended would cause undue prejudice to defendant UPS and Tom Valley. Plaintiff argues that the defendant UPS would not suffer any prejudice because no discovery has been conducted yet in *Hutchins II*. Plaintiff's argument, however, is misguided. First, as this Court reads Judge Hedges' discussion of the matter, discovery in *Hutchins II* is closed. (4/25/05 Tr. at 5). Allowing plaintiff to amend his Complaint would necessitate the reopening of discovery and postpone resolution of this protracted matter. Plaintiff does not dispute that; instead, he admits that he seeks additional discovery in this case. (*See* Pl.'s Br. at 8). Second, as articulated by Judge Hedges on the record, Tom Valley, the person that plaintiff seeks to add as a party defendant four years after the inception of this litigation, would suffer substantial prejudice by having to defend at this late date. (4/25/05 Tr. at 5-6). Plaintiff has known about Tom Valley's participation in the alleged events that give rise to this litigation for years. In fact, plaintiff deposed Tom Valley in *Hutchins*

---

[2]For example, plaintiff could have sought leave to supplement his Complaint to add a wage discrimination claim for 2003 over a year ago. But, plaintiff offers no justification for his delay.

*I*.  And yet, there does not appear to have been any indication over the years that Tom Valley would be named as a defendant.  Not surprisingly, plaintiff does not dispute that Tom Valley would be severely prejudiced by the proposed amendments.

In short, amendment of the Complaint at this late stage of this hoary litigation would inflict undue prejudice upon UPS and Tom Valley.  Consequently, given the above findings, even under Rule 15, the Court would deny plaintiff's appeal.

## CONCLUSION

For the aforementioned reasons, plaintiff's appeal is denied and the Magistrate Judge's decision is affirmed.

Dated: July 26, 2005                                  s/ William J. Martini
                                                                    **William J. Martini, U.S.D.J.**